UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COLE BRITE, et al.,                                              Plaintiff

v.                                                Civil Action No. 3:25-cv-364-RGJ

ST. FRANCIS DeSALES                                           Defendants
HIGH SCHOOL, et al.,

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendants St. Francis DeSales High School ("DeSales"), Dr. Anastasia Quirk ("Quirk")

and Lance Hammond ("Hammond") (collectively, "Defendants") in their official capacities, move

to dismiss the Complaint [DE 1] of Plaintiffs, Cole, Kelli, and Ross Brite (collectively, the

"Brites"), pursuant to Fed. R. Civ. P. 12(b)(6). [DE 5]. The Brites responded [DE 6], and

Defendants replied. [DE 7]. This matter is ripe for adjudication. For the reasons below,

Defendants Motion to Dismiss [DE 5] is **GRANTED IN PART** and **REMANDED IN PART**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Cole Brite is a former student of St. Francis DeSales High School in Louisville, Kentucky.

[DE 1-2 at 7-8]. Ross Brite is his father and pays his $48,000 tuition. [*Id.*]. Cole Brite drives Kelli

Brites's car to school every day. [*Id.*]. DeSales is a "private, Roman Catholic, college-preparatory

school" for boys. [*Id.*]. Quirk is the current Principal of DeSales, and Hammond is a school

administrator. [*Id.*].

---

[1] The Court accepts facts in the operative Complaint as true for the present Motion. When considering a
motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all
reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue
Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

Originally filed in Jefferson County Circuit Court, the Brites allege that "on or about February 24, 2025, Cole Brite was summarily dismissed from DeSales High School for selling drugs to another student on campus." [*Id.*]. Defendants were alerted to this by unnamed student. [*Id.*]. An unnamed student alleged Defendants that Cole Brite had participated in a drug sale on school grounds. [*Id.*]. As a result, Defendants conducted a search of Kelli Brite's car while parked on school grounds. [*Id.*]. Following the search, Cole Brite was dismissed from DeSales. [*Id.*]. Although Cole Brite has "denied the allegations of selling drugs on campus" he has been "expelled and banished from DeSales never to return." [*Id.* at 9].

The Brites assert that Defendants violated the Fourteenth Amendment of the United States Constitution and separately Sections 2, 5, and 183 of the Constitution of the Commonwealth Kentucky by depriving "Cole Brite of his right to an education without due process of law" and acting in "absolute and arbitrary exercise of power" over the Brites. [*Id.* at 10-11]. Because Defendants, specifically DeSales, "accepted over one million dollars of Federal funds" and an unenumerated amount of "funds from Metro Louisville" the Brites alleges that DeSales should be "designated as a public school for purposes of due process of law." [*Id.*]. The Brites do not allege any specific allegations against Quirk or Hammond, outside their employment at DeSales and overseeing Cole Brite's expulsion.

Additionally, the Brites allege that Defendants have "breached their contract to educate Cole Brite by being arbitrary and capricious interpreting their own rules and regulations intentionally expelling Cole Brite." [*Id.*]. And that "the doctrine of promissory estoppel applies in [sic] Defendant [for] accepting $48,000 and failing to educate and allow Cole Brite to graduate." [*Id.* at 12].

Defendants removed the matter from Jefferson Circuit Court pursuant to federal question jurisdiction and supplemental jurisdiction over the state law claims, 28 U.S.C. §§ 1331; 1441(a). [DE 1 at 2]. Defendants assert that removal is proper as this Court has original jurisdiction, Jefferson Circuit Court is located with the Western District of Kentucky, and written notice of removal was properly served on the Plaintiffs and filed with Jefferson Circuit Court. [*Id.*].

## II.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party.  *Total Benefits Plan. Agency, Inc.,* 552 F.3d at 434. (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made,

3

if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 Fed. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

### III.   DISCUSSION

#### A.  Federal Claims

The Brites allege that Defendants violated the "Fourteenth Amendment to the Constitution of the United States" by "depriv[ing] Cole Brite of his right to an education without due process of law." [DE 1-2 at 10]. Defendants responded, asserting that as "private entities and citizens" they are not "subject to constitutional due process requirements unless they are state actors." [DE 5-1 at 22]. And because the "mere receipt of state funding, without much more, is insufficient to morph private entities and citizens into state actors" the Defendants "cannot violate "Cole's federal constitutional rights." [*Id.*].

"A private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The Sixth Circuit applies three separate tests to determine whether state action is satisfied: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test. *Id.* (citing *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. Finally, under the symbiotic relationship test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.

*Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

"No matter the test, the result is the same." *Faparusi v. Case Western Reserve Univ.*, 711 F. App'x 269, 275 (6th Cir. 2017). Or in other words, the Brites's complaint fails to state a plausible allegation that Defendants meet any of the three tests. The Brites's only allegation of state action is that DeSales has "accepted over one million dollars of Federal funds" and has "accepted funds from Metro Louisville." [DE 1-2 at 11]. Moreover, the complaint lacks any allegation of state action by the remaining Defendants.

Defendants do not dispute that DeSales accepts federal and state funds.  But still, the acceptance of federal or state funds, on its own, does not turn a private entity or citizen into a state actor. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 840 (1982). In *Rendell-Baker*, the Supreme Court found no state action even where a private school contracted with the state, was heavily regulated by the state, and primarily *funded* by the state. *Id.* at 832-33. In *Rendell-Baker,* public funds accounted for up to 99% of the schools operating budget. *Id.* And still no state action was found. *Id.* Here, it is not clear, nor alleged, the percentage of public monies that make up DeSales's funding. [DE 5-1 at 23 ("Plaintiffs merely allege that DeSales received federal funding")]. Still, even if DeSales had a "near-total reliance" on public funding, that would not change the Court's conclusion. *S.G. ex rel. S.B.J. v. Care Acad., Inc.*, 2010 WL 1416717, at *3 (W.D. Ky. Mar. 31, 2010). Without more than the acceptance of public funds, the Supreme Court, the Sixth Circuit, and other trial courts, have all consistently held that a private entity does not render itself a state actor. *Rendell-Baker v. Kohn,* 457 U.S. at 840; *Lansing,* 202 F.3d at 830; *Doe v. Case Western Univ.*, 2017 WL 3840418, *10 (N.D. Ohio Sep. 1, 2017) (holding that the plaintiff failed to meet any of three tests in part because "federal regulation and receipt of federal funds alone, does not convert private conduct to government or state action."); *Raithatha v. Univ. of Pikeville*, 2017 WL 4583245, at *8 (E.D. Ky. Oct. 13, 2017) ("a private school's [] decisions are not attributable to the

state even where the school is extensively populated, regulated, and funded by the state, unless some other factor dictates otherwise.")

Moreover, DeSales role as an education institutional is also not enough to satisfy state action. *Faparusi*, 711 F. App'x at 275. "While education was a traditional state function, it was not exclusively" a state function and thus state action does not attach to the school nor their private employees. *Care Academy, Inc.*, 2010 WL 1416717, at *3 (holding that state action does not attach to the school nor the private employees) (citing to *Robert S. v. Stetson Sch., Inc.,* 256 F.3d 159, 166 (3d Cir. 2001).

The Brites rely on a Fourth Circuit opinion, *Peltier v. Charter Day Sch.*, *Inc*. 37 F.4th 104 (4th Cir. 2022) to demonstrate that notwithstanding the above, Defendants are nonetheless state actors. But their guidance is misplaced. It is true that in *Peltier* the Fourth Circuit held that Charter Day School was a state actor. *Id*. at 122. Yet this was not solely based on acceptance of funds or adoption of certain state regulations. Instead, it was based on the novel structure of North Carolina's constitution and its implementing laws that specifically detailed charter schools as *public* schools. *See Id.* at 116-117.[2] The court held that because North Carolina expressly created a "public charter school system" and planned to treat these schools as "state-created and state-funded" the charter schools were state actors. *Id.* No similar facts are alleged here, nor could they be. Kentucky has no similar law nor constitutional provision. Instead, the Brites allege that Defendants are state actors solely because DeSales has accepted federal and city funds.

The complaint also lacks any specific allegations detailing state action against Quirk or Hammond outside of their employment with DeSales. Thus, the federal claim against Quirk and

---

[2] The North Carolina law expressly stated that, "A charter school that is approved by the State *shall be a public school* within the local school administrative unit in which it is located. All charter schools shall be accountable to the State Board for ensuring compliance with applicable laws and the provisions of their charters." N.C. Gen. Stat. § 115C-218(a) (emphasis added).

6

Hammond must fail. *Faparusi*, 711 F. App'x at 275 (holding that Faparusi's claim fails because "Faparusi does not bother to allege *any* facts that would establish [Defendants] as a state actor.") (emphasis in original).

As the Brite's have failed to establish any state action by any of the named Defendants, Defendants' motion to dismiss the Fourteenth Amendment claim is **GRANTED**.

B. State Claims

The Brites allege other claims stemming from either the Kentucky Constitution or Kentucky state law. However, this Court's jurisdiction was premised only on the existence of a federal question, which is now absent with dismissal of the sole federal claim. The Court therefore has discretion to "decline to exercise supplemental jurisdiction over the state-law claims." *Care Academy, Inc.*, 2010 WL 1416717, at *3. "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has recently urged lower courts to "kick the case" back to state court when possible. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (When "federal law is not where the real action is[,] [] although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.")

With the Fourteenth Amendment claim dismissed, the "federal anchor" is gone. *Royal Canin U.S.A., Inc*, 604 U.S. at 38. In other words, "[t]he operative pleading no longer supports federal jurisdiction." *Id.* Thus, there is "no reason for us to entertain the state claims." *Care Academy, Inc.*, 2010 WL 1416717, at *3. As suggested by the Supreme Court, the Court "should"

remand the case. *Royal Canin U.S.A., Inc*, 604 U.S. at 32. Therefore, the Court will remand the case to Jefferson Circuit Court by separate order.

## IV.    CONCLUSION

For these reasons, the Court **ORDERS** that Defendants' motion to dismiss for failure to state a claim [DE 5] is **GRANTED WITH PREJUDICE** as it relates to the federal claim and the remainder of the case is **REMANDED** to Jefferson Circuit Court. The Court will enter a separate order.

Rebecca Grady Jennings, District Judge
United States District Court

March 18, 2026

8