UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COLE BRITE, et al.,                                                              Plaintiff

v.                                                              Civil Action No. 3:25-cv-364-RGJ

ST. FRANCIS DeSALES                                                              Defendants
HIGH SCHOOL, et al.,

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Cole, Kelli, and Ross Brite (collectively, the "Brites") move the Court to enter a Nunc Pro Tunc Order to reflect that Plaintiff's counsel timely filed a notice of appeal. [DE 11]. Defendants St. Francis DeSales High School, Anastasia Quirk, and Lance Hammond (collectively, "Defendants") responded. [DE 12]. The Brites replied. [DE 13]. This matter is ripe for adjudication. For the reasons below, Plaintiffs' motion is **DENIED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

A more extensive factual and procedural background can be found in the Court's decision on Defendants' motion to dismiss. [DE 10]. The Court issued its Order on March 18, 2026. [DE 10]. The Brites had 30 days, until April 18, 2026, to file a notice of appeal. Fed. R. App. 4(a). The Brites filed this motion on April 26, 2026, after the appeal deadline. Plaintiff's counsel alleges that on April 5, 2026, a notice of appeal was filed with this Court and the fee was properly paid. [DE 11-1 at 68]. On April 21, 2026, Plaintiff's counsel was informed that Defendants had not received a notice of appeal. [*Id.*]. Plaintiff's counsel then called the Clerk of the Western District of Kentucky who informed him that the "docket process was not completed" and the notice of appeal would have to be refiled. [*Id.*]. The Clerk also informed counsel that if he had further questions, he could reach out to the Court. [*Id.*]. Plaintiff's counsel called the Clerk of the Western District

of Kentucky, who directed him to the case manager of the Undersigned. [*Id.*]. Plaintiff's counsel then called the case manager once, but allegedly, did not receive a reply.[1] [*Id.*].

## II.    STANDARD

Parties are given thirty days from the entry of a final judgment to file a notice of appeal. 28 U.S.C. § 2107(a); Fed. R. App. 4(a)(1). This is a "jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Timing is a "mandatory jurisdictional prerequisite" that may "not be waived." *Young v. Kenney*, 949 F.3d 995, 996 (6th Cir. 2020); *Hayes v. Allstate Ins. Co., Inc.*, 2 F. App'x. 470, 471-72 (6th Cir. 2001). If a party wishes to extend a notice of appeal deadline, as defined in Fed. R. App. 4(a)(5), the requested relief must demonstrate excusable neglect or good cause.

"[N]unc pro tunc orders fix clerical mistakes in old orders. Nunc pro tunc orders do not revise the substance of what has transpired, backdate events, or give rise to new substantive rights, including resetting the statute of limitations." *Patterson v. Chrysler Group, LLC,* 845 F.3d 756, 761 (6th Cir. 2017) (citing *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016)). Nunc pro tunc orders may only be issued to "correct mistakes or omissions in the record so that the record properly reflects the events that *actually took place.*" *Glynne v. Wilmed Healthcare*, 699 F.3d 380, 383–84 (4th Cir. 2012) (emphasis in original). Parties "cannot rely on *nunc pro tunc* orders to 'make the record what it is not.'" *United States v. Powers*, 2025 WL 3091694, at *2 (E.D. Ky. Nov. 5, 2025) (quoting *Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. 57, 65 (2020)).

---

[1] This allegation is contested by the Clerk.

### III.  DISCUSSION

The Brites seek a nunc pro tunc order to reflect that Plaintiff's counsel timely filed a notice of appeal on April 5, 2026. [DE 11-1 at 68]. The Brites had until April 18, 2026, to file a notice of appeal. Fed. R. App. 4(a). On April 21, 2026, Plaintiff's counsel was informed that the "docket process was not completed" for the notice of appeal, and he would need to refile. [DE 11-1 at 68]. Plaintiff's counsel states that he was charged the filing fee for a notice of appeal, and therefore, because of the charge, the document *was* properly filed with the Court. [DE 11-1 at 68]. Or, he asserts, if the document was not filed, it was the fault of the Court, not his own. [DE 13 at 84-85].

The United States District Courts for the Eastern and Western Districts of Kentucky have adopted their own rules under the Amended Electronic Case Filing ("ECF") Administrative Policies and Procedures (the "Policies"). According to Section 1.3 of the Policies, documents are not "considered filed for purposes of the Federal Rules. . . until the filing party receives a system generated Notice of Electronic Filing with a hyperlink to the electronically filed document." The Courts are expressly "not responsible for notifying a Filing User that an attempted transmission of an electronic notice by the court's system failed." Policies § 4(g). A technical failure occurs only when the court's e-filing site is unable to accept filings for more than an hour after 12:00 eastern standard time on a particular day. Policies § 14(a). The Courts only give relief to parties who face prejudice when filing when it is either the result of a technical failure, or if the filing is both time sensitive and unable to be filed due to "unforeseen technical difficulties." Policies § 14(d). Absent either of those circumstances, the responsibility is on the filing user.

Further, the Western District of Kentucky has published a guide titled "How to Electronically File a New Civil Case in ECF." WESTERN DISTRICT OF KY., *How to Electronically File a New Civil Case in ECF*, https://www.kywd.uscourts.gov/content/how-electronically-file-

new-civil-case (last visited May 12, 2024) (the "Guide"). The process described in the Guide, which is identical for filing a notice of appeal, demonstrates that the processing of payment is *not* the final step in the ECF process. In other words, there are multiple steps the user must take following the payment to complete the filing. In fact, ECF provides the user multiple warnings in case the process is abruptly ended. For example, the Guide states that "[a]borting the transaction will require you to file a Request for Fee Refund" and begin the process anew. *Id.* at 34.

The Guide explicitly demonstrates that even after payment there are still multiple steps, warnings, and forms that the user must process through to complete the ECF filing process. *Id.* at 34-36. As also reflected in the Policies, the Guide states that the Notice of Electronic Filing is the proof of a finalized court document. *Id.* Any abortion of the process before completion results in a failed filing. *Id.* at 36. As noted, the Court is "not responsible for notifying a Filing User that an attempted transmission of an electronic notice by the court's system failed." Policies § 4(g).

The Sixth Circuit holds attorneys to a high standard for filing documents, and for staying apprised on their docket sheets. In *Cook v. United States,* the Sixth Circuit stated that attorneys have a duty to proactively correct and ensure their filings go through and are completed. 246 F. App'x 990, 994 (6th Cir. 2007). In *Cook,* the court found it troubling why the attorney waited until *after* the deadline to check on the filing. *Id.* ("nor does he show even that his counsel attempted to contact the clerk's office about the problem" before the deadline). In *Yeschick v. Mineta,* the Sixth Circuit held that attorneys, rather than the court, have an "affirmative duty" which is "minimal" to monitor the docket. 675 F. 3d 622, 629 (6th Cir. 2012). "[A]ttorneys must inform the Court promptly when they have technical issues before they allege failure." *Henken v. IW Tr. Funds,* 568 F. Supp. 3d 870, 875 (S.D. Ohio 2021) (citing *Yeschick,* 675 F.3d at 630). The burden is on the

4

attorney to "ensure that they understand the electronic filing system." *Nancy J.C. v. Comm'r Of Soc. Sec.,* 2023 WL 4533696, *5 (S.D. Ohio July 13, 2023).

In *Nancy J.C.*, plaintiff's counsel allegedly opened a new case through an electronic filing. *Id.* at *6. But no case ever came into existence. *Id.* In requesting an extension to re-file the matter and open a new case, plaintiff's counsel asserted that the "intent to file the complaint demonstrates diligence" and thus an extension was warranted. *Id.* The court rejected that argument and held, "[i]t is solely the responsibility of the parties to ensure that they follow the Court's policies and procedures when electronically filing. And it is evident that Plaintiff's counsel did not complete filing the Complaint on October 25, 2022, as alleged." *Id.*

Here, the record demonstrates that Plaintiff's counsel *attempted* to file a notice of appeal on April 5, 2026. [DE 11-1 at 68]. Because his credit card was charged, Plaintiff's counsel alleges that the lack of an official ECF is "the Court's own error. . . not an error of counsel." [DE 13 at 85]. The reliance on the charged credit card, multiple days after the filing deadline, is misplaced. The Policies, Guide, and relevant caselaw are clear that a document is not "considered filed for purposes of the Federal Rules. . . until the filing party receives a system generated Notice of Electronic Filing with a hyperlink to the electronically filed document." § 1.3. The Guide demonstrates that there are multiple steps to filing electronically and through the ECF system and the process is not completed until there is a Notice of Electronic Filing. Guide at 34-36. Sixth Circuit guidance instructs that it is the attorney, rather than the Court, who maintains the ultimate responsibility to monitor the docket and track their cases. *Yeschick,* 675 F.3d at 630. In other words, the burden rests with the attorney, here Plaintiff's counsel, to ensure the filing process is completed. *See In re Casey,* 329 B.R. 43, 46 (Bankr. S.D. Ohio 2005) (stating that it the

5

responsibility of the attorney to ensure that the ECF process is finalized). Therefore, a failure to do so cannot constitute "excusable neglect" by counsel. *Henken,* 568 F. Supp. 3d at 875.

Failure to follow one's case "cannot be excusable neglect because even 'gross carelessness' yields to an attorney's duty of diligence." *Id.* at 876. An "attorney's duty of diligence" should "compel him to at least inquire about his case" prior to a deadline. *Id.* Additionally, Plaintiff's counsel did not inquiry about the status of the notice of appeal until being contacted by Defendants about how to proceed on the remaining state law claims, days after the appeal deadline. [DE 11-1 at 68; DE 12 at 73]. It was at that point when Plaintiff's counsel checked the docket, realized the notice of appeal was not filed, and reached out to the Court. Thus, it appears Plaintiff's counsel did not monitor the federal docket on their own volition at all, raising more questions about the "attorney's duty of diligence" to the matter. *Henken,* 568 F. Supp. 3d at 876; *see also*, Ky. Sup. Ct. Rules, Rules of Prof. Conduct. Rule 3.130(1.3) (Diligence) ("A lawyer shall act with reasonable diligence and promptness in representing a client.")

Thus, even though Plaintiff's counsel likely initiated the ECF process, and appears to have paid the filing fee, "it is evident that Plaintiff's counsel did not complete filing." *Nancy J.C,* 2023 WL 4533696, at *6. Parties, not the Court, must ensure their electronic information and competence is up-to-date. *See Henken*, 568 F. Supp. 3d at 875. Allowing "parties to ignore entirely the electronic information at their fingertips would severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including ease and speed of access to all the filings in a case." *Kuhn v. Sulzer Orthopedics, Inc.,* 498 F.3d 365, 371 (6th Cir. 2007). The failure to receive a notification of a filing "is all the more reason to check" for one. *Nancy J.C,* 2023 WL 4533696, at *6. And the lack of notice "should have alerted Plaintiff's counsel to check the docket,

6

at minimum." *Id.* As a result, this failure to follow the Court's procedures falls squarely on Plaintiff's counsel.

The Court cannot "make the record what it is not." *Roman Catholic Archdiocese of San Juan*, 589 U.S. at 65. Accordingly, the Court must **DENY** the motion for a nunc pro tunc order. [DE 11].